

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

March 17, 2016

Mr. James M. Bass
Executive Director
Texas Department of Transportation
125 East 11th Street
Austin, Texas 78701-2483

Opinion No. KP-0070

Re: Whether Senate Bill 374, requiring state agency participation in the E-Verify program, supersedes Executive Order RP-80 (RQ-0055-KP)

Dear Mr. Bass:

Your predecessor requested an attorney general opinion regarding whether Senate Bill 374, requiring state agency participation in the E-Verify program, supersedes Executive Order RP-80 (the "Order").[1] As background, the request letter indicates that in 2014, "Governor Rick Perry issued Executive Order No. RP-80, requiring all agencies under the direction of the governor . . . to utilize the U.S. Department of Homeland Security's E-Verify program . . . to determine the employment eligibility of certain executive agency employees and contractor employees," including "all contractors and subcontractors performing work under a contract for services with executive agencies."[2] Request Letter at 1. "Thereafter, the 84th Texas Legislature passed Senate Bill 374, effective September 1, 2015, requiring all state agencies to participate in the federal E-Verify program"; however, Senate Bill 374 did "not address the employment eligibility verification requirement for contractors and subcontractors." *Id.* Given these parameters, your predecessor asked whether "Senate Bill 374 . . . supersede[s] and completely replace[s] all aspects of" the Order and, if not, whether agencies under the direction of the Governor are still obligated to verify the employment eligibility of their contractors and subcontractors. *Id.*

Senate Bill 374 added chapter 673 to the Government Code, which provides in section 673.002 that "[a] state agency shall register and participate in the E-Verify program to verify information of all new employees." TEX. GOV'T CODE § 673.002. For purposes of chapter 673, the term "state agency" is defined broadly to include "a department, commission, board, office, or other agency of any branch of state government, including an institution of higher education." *See id.* § 659.101 (defining "state agency"); *see also id.* § 673.001(2) (providing that "'state agency' has the meaning assigned by Section 659.101"). The term includes all state agencies regardless of whether they are governed by gubernatorial appointees. Thus, section 673.002 differs from the

---

[1]*See* Letter from LtGen. J.F. Weber, USMC Ret., Exec. Dir., Tex. Dep't of Transp., to Honorable Ken Paxton, Tex. Att'y Gen. at 1–2 (Sept. 18, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2]The request letter notes that the Order as drafted was the subject of a subsequent guidance letter clarifying the Order's inapplicability to current employees. *See* Request Letter at 1.

Order in terms of who must comply with the requirement of verifying employment eligibility. Another difference is that section 673.002 mandates the employment eligibility verification only of "new employees" and not contractors and subcontractors. Section 673.002 does not, therefore, supersede the portion of the Order requiring verification of contractors and subcontractors.

In sum, section 673.002 of the Government Code supersedes the Order with respect to the requirement that all state agencies must verify the employment eligibility of new employees through E-Verify. With respect to the verification of employment eligibility of contractors and subcontractors by state agencies under the direction of the Governor, section 673.002 does not specifically preempt or supersede the Order.

## S U M M A R Y

Section 673.002 of the Government Code supersedes Executive Order RP-80 with respect to the requirement that all state agencies must verify the employment eligibility of new employees through the Department of Homeland Security's E-Verify program.

With respect to the verification of employment eligibility of contractors and subcontractors by state agencies under the direction of the Governor, section 673.002 does not specifically supersede or preempt Executive Order RP-80.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

BECKY P. CASARES
Assistant Attorney General, Opinion Committee